# Pfoutz's Case.

*Appeals—Assignments of error—Decree—Opinion of court—Amendment.*

1. Where an assignment of error to a decree of the orphans' court does not recite the decree in so many words but only the opinion of the court allowing the decree, a second assignment of error in proper form and reciting the decree, if promptly printed in the appellant's paper-book and presented at the argument, will be allowed to be filed as in the nature of an amendment to the original assignment.

*Marriage—Marriage license—Annulment of license—Orphans' court jurisdiction.*

2. The orphans' court has no jurisdiction to annul a marriage license after the marriage has been consummated.

Argued April 20, 1909.   Appeal, No. 117, April T., 1909, by Dilmon Pfoutz and Ida May (Hough) Pfoutz, from decree of O. C. Fayette Co., Sept. T., 1908, No. 7, revoking a marriage license granted to Dilmon Pfoutz and Ida May, his wife.   Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ.   Reversed.

Petition of William Pfoutz to revoke marriage license granted to Dilmon Pfoutz and Ida May Pfoutz.

The opinion of the Superior Court states the case.

*Errors assigned* among others were (1) the opinion of the court concluding with the words "the prayer of the petitioner is granted," and (4) the court erred in its order and decree revoking, canceling, and setting aside the marriage license, which order and decree, the exception taken thereto and the bills sealed therein are as follows, to wit:

And now, October 12, 1908, this matter came on to be heard and was argued by counsel.   And now, October 15, 1908, after due consideration and for the reasons set forth in the above opinion, the court orders and decrees that the marriage license granted by the clerk of the orphans' court of Fayette county, on August 7, 1908, at No. 20,440 to Dilmon Pfoutz and Ida

130, (1909).]    Assignment of Errors—Opinion of the Court.

May Hough be and the same is hereby revoked, canceled and set aside.

The costs to be paid by Daniel L. Dillinger, committee of Dilmon Pfoutz, said costs to be first approved by the court of common pleas of Westmoreland county.

*Albert H. Bell,* with him *Alfred E. Jones,* for appellant.—The orphans' court had no jurisdiction: Shollenberger's App., 21 Pa. 337; Weyant v. Weller, 39 Pa. 443; Willard's App., 65 Pa. 265; Ake's App., 74 Pa. 119; Brinker v. Brinker, 7 Pa. 53; Guier v. Kelly, 2 Binney, 294; Boyer's Est., 20 W. N. C. 207; Van Dyke's App., 60 Pa. 481; Lee's Est., 18 Pa. Superior Ct. 513.

*Jno. E. Kunkle,* with him *Edward E. Robbins* and *W. J. Johnston,* for appellees.

OPINION BY RICE, P. J., July 14, 1909:

This is an appeal from a decree of the orphans' court revoking, canceling and setting aside the marriage license issued by the clerk of said court to the appellants. The appellee assigns seven reasons in support of his motion to quash the appeal. With regard to those which directly relate to or necessarily involve the certification of the evidence and the proceedings had upon the hearing, we remark that before the appeal came on to be heard in this court the judge filed in the orphans' court the certificate contemplated by the Act of May 1, 1907, P. L. 135, in which the stenographer's transcript to which it related was unmistakably identified and approved, and certified the same to this court as part of the record. Granting that this was not a strict technical compliance with the act, because the judge's certificate was not physically "endorsed" on the stenographer's transcript, it does not necessarily follow that the appeal must be quashed. At the foundation of the case is the question of jurisdiction, and the determination of this question does not depend upon what transpired at the hearing. It arose in the court below upon the presentation of the petition, it was not eliminated from the case by the answer, and

was attempted to be raised in this court by the first assignment of error. True, this assignment did not quote the formal final decree totidem verbis, but only the opinion of the court in which it was stated that the prayer of the petitioner was granted, and it is unnecessary to cite authorities for the proposition that in cases of this nature it is the decree and not the opinion of the court that is assignable for error. But the appellants' counsel promptly sought to correct this defect in the original assignment by printing in their paper-book and presenting on the argument an additional assignment in which the decree is set forth at length and in due form. The assignment goes to the merits of the case and not to mere technical objections and by allowing it to be filed we, in effect, but allow an amendment which is necessary to prevent injustice, and which raises no question of which the appellee did not have substantial notice by the original assignment.

The proceeding was begun after the marriage of Dilmon Pfoutz and Ida May Hough by a petition of the next of kin of the former upon which the court granted a rule to show cause why the marriage license should not be revoked, canceled and set aside. In response to this rule the appellants, as well as the committee in lunacy of Dilmon Pfoutz filed answers. The opinion filed by the learned judge shows, what would clearly be implied from the record, that the decree was based on his conclusion that Dilmon Pfoutz had no legal capacity to contract, and that this conclusion was based solely on the undisputed fact that more than twenty years before he had been adjudged a lunatic by due process of law, and a committee of his estate had been duly appointed who had never been relived or discharged from said trust. The learned judge also held that it was not competent for the appellants to show that at the time of the issuing of the license and of their marriage he had sufficient mental capacity to make a contract. We will not comment on the latter ruling, because the decree must be reversed for reasons which affect not merely the correctness of the rulings upon questions of evidence but go to the jurisdiction of the orphans' court to entertain the petition and to call upon the parties to defend the validity of the license and of

their marriage. The license had served its purpose and fulfilled its office, so far as the legality of the marriage was concerned, when the marriage was consummated. Nothing which would affect the rights of the parties could be accomplished by annulling it. It may be said that the action of the court should not be set aside merely because it was futile. Perhaps not if the court had jurisdiction of the subject-matter, but the futility of such action is a convincing reason for concluding that the legislature never intended the orphans' court to have the power to take it. "This court is sometimes called a court of limited jurisdiction. This is true, if regard be had to the derivation of its powers, for it possesses none inherently, and exercises only such as are conferred by or implied from legislation; and it is true also as to the subjects of its jurisdiction, for these are set down in the statutes; but within its appointed orbit its jurisdiction is exclusive, and therefore necessarily as extensive as the demands of justice:" Shollenberger's App., 21 Pa. 337. While it is clear that the orphans' court in a proceeding to distribute an estate among legatees, next of kin and heirs, has ample power to inquire into and determine all questions standing directly in the way of a distribution to these parties, yet neither divorce nor the annulment of marriage is one of the subjects of its jurisdiction. To inquire into questions of marriage or no marriage where that question arises in the distribution of a decedent's estate, is quite a different thing from summoning him before the court in his lifetime to defend against an allegation that he was not competent to marry. Conceding that the court has authority to supervise the records of the marriage licenses kept by its clerk, so far as to see that they are in conformity to law, it has been given no express authority, after the marriage has been consummated, to annul the license issued by him, upon proof of facts outside the record, and no such authority is implied in the grant of any other power. As the counsel for appellants well say, content with prohibiting the performance of marriage without a license, designating an officer to issue it according to prescribed forms, after making prescribed inquiries of the applicants, and requiring the performance of the marriage to be certified, the act

relating to the subject properly leaves to the divorce courts, and the courts dealing with the distribution of estates and with property rights, the right to determine the validity of the marriage.

The decree is reversed and the petition is dismissed, the costs in the court below and on this appeal to be paid by William Pfoutz, the petitioner.